UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALICE J., pseudonymously,,

Plaintiff,

v.

DHILLON, *et al.,*

Defendants.

Case No. 3:25-cv-00246-MMD-CSD

ORDER

## I.    SUMMARY

Plaintiff Alice J. brings this action under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595,[1] alleging that Opinder Dhillon, Circus Circus Casinos, Inc. ("CCC"), Circus and Eldorado Joint Venture, LLC ("CEJV"), JESR, LLC, Brar Enterprises, and Travelodge Hotels, Inc ("THI") participated in and/or benefitted from her trafficking. (ECF No. 1-1 ("Complaint").)[2] Pending before the Court are

---

[1]Plaintiff initially also raised Nevada state law trafficking claims under NRS §§ 41.13965, 41.1399 as well as claims for intentional infliction of emotional distress ("IIED"). (ECF No. 1-1 at 2, 22.) Plaintiff voluntarily dismisses her IIED claims, conceding they are time-barred. (ECF No. 51 at 26.) The Court also agrees with Defendant Dhillon that despite citing to Nevada state human trafficking laws in the title of her Complaint, Plaintiff does not otherwise allege these claims nor does she reassert them in her responsive pleading. (ECF Nos. 31 at 2 n.2; 51.) Therefore, the Court only considers Plaintiff's remaining TVPRA claims.

[2]Plaintiff initially also sued CC Newco, LLC, Eldorado Resorts, Inc., Eldorado Resorts LLC, Caesars Entertainment Inc., Truckee Gaming, LLC, and Zante, LLC. These six defendants were previously dismissed from the case by either joint stipulation or voluntary dismissal. (ECF Nos. 33, 34, 50.)

Defendants'[3] five motions to dismiss (ECF Nos. 22, 23, 26, 28, 31 ("Motions").)[4] For the reasons explained below, the Court grants the Motions, dismisses Defendants, and grants Plaintiff limited leave to amend claims against certain Defendants.

## II.   BACKGROUND[5]

Plaintiff met Harvey[6] while working as a bartender. (ECF No. 1-1 at 12.) Harvey dealt drugs to Plaintiff and escalated her social drug use until she was addicted to hard drugs such as meth, crack, and heroin. (*Id.*) Harvey then forced Plaintiff to prostitute herself in order to sustain her drug habits. (*Id.*) Harvey trafficked Plaintiff from 2012 until August 2015. (*Id.*) Harvey yelled at Plaintiff and withheld drugs to drive her into withdrawal if she said she was too tired to work or he suspected her of withholding any of her earnings. (*Id.* at 13.) Plaintiff confronted her drug addiction through drug court in 2015, allowing her to escape Harvey. (*Id.*) Plaintiff stayed sober for three years but eventually relapsed in 2018 and lost her job. (*Id.*) Harvey once again began trafficking her, with his

---

[3]Brar Enterprises is the sole remaining Defendant that does not independently move to dismiss. Brar Enterprises filed a joinder to Zante, LLC and Truckee Gaming, LLC's motion to dismiss. (ECF Nos. 30, 35.) But Zante and Truckee Gaming were subsequently voluntarily dismissed from the lawsuit (ECF No. 50) and their motion was denied as moot (ECF No. 52). In her responsive pleading, Plaintiff argues Brar Enterprises therefore should not be dismissed. (ECF No. 51 at 26.) Brar Enterprises subsequently filed joinders (ECF Nos. 54, 55, 56) to the motions to dismiss by Defendants THI, JESR, and Dhillon (ECF Nos. 23, 31, 28). Brar Enterprises did not file a reply or a joinder to any replies to Plaintiff's response. Regardless, the Court recognizes that it "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742–743 (9th Cir. 2008). Therefore, to the extent necessary, the Court finds Brar Enterprises is in a similar position as moving Defendants CEJV, CCC, and THI.

[4]Plaintiff responded. (ECF No. 51 ("Omnibus Response").) Defendants THI, JESR, CCC, CEJV, and Dhillon replied. (ECF Nos. 53, 57, 58, 59, 69.)

[5]The Court adopt the facts from the Complaint. At the motion to dismiss stage, the Court must accept all well-pleaded factual allegations in the complaint, although legal conclusions are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

[6]"Harvey" is a pseudonym. Plaintiff does not know his real name, only his "street name." (ECF No. 1-1 at 12 n. 21.) She does not name Harvey as a defendant in this suit because it "would be futile" and because she fears retaliation. (*Id.*)

yelling escalating into physical abuse such as dragging Plaintiff across the room by her hair. (*Id.* at 14.)

Plaintiff engaged in commercial sex acts under Harvey's control in 2015 and from 2018 to 2019 in hotel rooms at casino hotels across Reno: Circus Reno ("Circus Circus"), the Eldorado Reno Resort Hotel & Casino ("Eldorado"), the Silver Legacy Resort Casino ("Silver Legacy"), the Sands Regency Casino Hotel ("Sands"), and Travelodge by Wyndham Reno Downtown ("Travelodge"). (*Id.* at 14-19.)[7] On at least two incidents in 2019, the casino manager at the Sands, Steve, engaged in commercial sex acts with Plaintiff. (*Id.* at 16.) One of those incidents occurred in the stairwell at the Sands. (*Id.*) Plaintiff also engaged in commercial sex acts with Opinder Dhillon, a convenience store owner in Reno, in his hotel room at Eldorado. (*Id.* at 18) Both Dhillon and Steve knew Harvey was Plaintiff's "pimp"[8] and avoided him. (*Id.* at 16-17, 18.)

In 2019, Plaintiff finally escaped from Harvey for good. (*Id.* at 14.) On April 25, 2025, Plaintiff filed suit against Defendants in state court. (*Id.* at 24.) Defendants properly removed to federal court. (ECF No. 1.)

### III.    DEFENDANTS' MOTIONS TO DISMISS

Defendants CEJV, CCC, THI, JESR, and Dhillon seek to dismiss Plaintiff's TVPRA claims against them. (ECF Nos. 22, 23, 26, 28, 31.) The TVPRA permits trafficking victims to bring civil suit against those who participate in or benefit from their trafficking. *See* 18 U.S.C. § 1595. The TVPRA imposes liability against "perpetrators" and "beneficiaries." Perpetrator liability is defined in the same way as criminal liability under the Act. *See id.* at §§ 1595(a), 1591(a). Perpetrators may be liable for "knowingly . . . recruit[ing],

---

[7]Defendant CCC owned and operated Circus Circus until November 23, 2015. (ECF No. 1-1 at 3-4.)  Defendant CEJV owns and operates Circus Circus, Eldorado and Silver Legacy. (ECF Nos. 22 at 2 n.2; 25.) Defendant JESR owned and operated the Sands. (ECF No. 1-1 at 4.) Defendant Brar Enterprises owned and operated the Travelodge and Defendant THI was the franchisor. (*Id.* at 4-5.)

[8]The Court relies on this colloquial term employed by Plaintiff. While Plaintiff expressly equates the term "pimp" with the legal conclusion "trafficker," the Court here distinguishes and employs the term "pimp" to refer merely to an individual who oversees, manages, and directs the commercial sex work of another. (ECF No. 1-1 at 6.)

entice[ing], harbor[ing], transport[ing], provid[ing], obtain[ing], advertis[ing], maintain[ing], patroniz[ing], or solicit[ing] by any means a person… knowing, or … in reckless disregard of the fact" that coercion "will be used to cause the person to engage in a commercial sex act." *Id.* at § 1591(a). Perpetrators therefore must either knowingly or recklessly disregard the fact that the victim will be coerced or forced into commercial sex acts.[9] *See id.* An individual acts with reckless disregard when they "disregard a risk of harm of which [they are] aware." *United States v. Rodriguez*, 880 F.3d 1151, 1162 (9th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A beneficiary under the TVPRA is someone who "(1) knowingly benefit[s], (2) from participation in a venture [], (3) which they knew or should have known was engaged in conduct that violated the TVPRA." *Ratha v. Phatthana, Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022) (citing 18 U.S.C. § 1595(a)). In this way, beneficiary liability imposes a negligence standard regarding knowledge of the violating conduct. *See C.C. v. Rashid*, No. 2:23-cv-02056-GMN-BNW, 2025 WL 1785273, at *8 (D. Nev. Dec. 20, 2024) (quoting *Tyla D. v. MGM Resorts Int'l*, No. 2:24-CV-00698-APG-BNW, 2024 WL 4839744, at *4 (D. Nev. Nov. 19, 2024)). The Court now addresses Defendants' Motions, seeking to dismiss Plaintiff's TVPRA claims of both perpetrator and beneficiary liability.

///

///

///

///

///

///

///

---

[9]Where liability is for the act of "advertis[ing]," the TVPRA requires the higher *mens rea* of "knowing." 18 U.S.C. § 1591(a). Petitioner clarifies in her Omnibus Response that she seeks perpetrator liability against Defendants CEJV, CCC, THI, and Brar for "harboring" and against Defendants JESR and Dhillon for "patronizing" and "soliciting." (ECF No. 51 at 14.) Because Petitioner does not seek liability for the act of advertising, she need only show Defendants acted with the mental state of "reckless disregard."

### A. CEJV, CCC, THI, and Brar Enterprises[10]

Plaintiff claims CEJV, CCC, THI, and Brar Enterprises violated the TVPRA both as perpetrators by knowingly "harbor[ing]" Plaintiff at their respective casino hotels Eldorado, Circus Circus, Silver Legacy, Travelodge, and the Sands and as beneficiaries by benefiting from Plaintiff's trafficking. Defendants move to dismiss. The Court first addresses the arguments regarding beneficiary liability, then perpetrator liability.

Beneficiary liability under the TVPA requires a showing of three elements: (1) knowingly benefit (2) from participation in a venture (3) which they knew or should have known engaged in conduct violating the TVPRA. *See Ratha*, 35 F.4th at 1175 (citing 18 U.S.C. § 1595(a)). "Where a party fails to adequately plead one of the above-mentioned elements, the Court need not consider the rest." *Id.* The Court finds Plaintiff fails to plausibly allege CEJV, CCC, THI, or Brar Enterprises "knew or should have known" any venture they knowingly benefitted from engaged in conduct violating the TVPRA and therefore her claim fails. *Id.; see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (holding that to overcome a motion to dismiss, a plaintiff must allege facts that "nudge[] their claims across the line from conceivable to plausible").

Plaintiff argues Defendants should have known Plaintiff was being trafficked by citing to facts that indicate Plaintiff was engaged in commercial sex at their hotels. For example, Plaintiff alleges that housekeeping staff "would have"[11] noticed one woman

---

[10]Defendants CEJV and THI argue Plaintiff's claims against the casino defendants constitute impermissible shotgun pleadings under Federal Rule of Civil Procedure 8. (ECF Nos. 22 at 6, 23 at 5.) The Court does not grant the Motions on this basis, particularly because Plaintiff provides factual allegations at each individual casino, thereby providing notice to Defendants. (ECF No. 1-1 at 15-19.) But the Court recognizes Plaintiff raises very similar allegations with the same general theory of liability against CEJV, CCC, THI, and Brar Enterprises. Plaintiff's Omnibus Response further confirms this by addressing these four Defendants jointly under the same theories of liability. (ECF No. 51 at 14, 19-21.) Therefore, the Court addresses these Defendants and their motions to dismiss jointly.

[11]Notably, Plaintiff never alleges that any employee of Silver Legacy, Eldorado, Circus Circus, or Travelodge did in fact witness any actions at all by Plaintiff or Harvey. This further undermines Plaintiff's claim that Defendants should have known Plaintiff was being trafficked. *See B.J. v. G6 Hosp. LLC,* No. 22-cv-03765, 2023 WL 3569979, at *4 (N.D. Cal. 2023) (finding allegations of incidents with plaintiff's trafficker did not establish

going up to a room with a large group of men and found an "abundance of used condoms left behind in the hotel room." (ECF No. 1-1 at 14, 18.) These facts may arguably place Defendants' employees on constructive notice that Plaintiff was engaging in commercial sex at Defendants' properties. But for beneficiary liability, "it is not enough to establish a defendant's knowledge of general commercial sex taking place at its property." *See C.C. v. Rashid*, 2025 WL 1785273, at *8 (quoting *Tyla*, 2024 WL 4839744 *4). Plaintiff cites to "public facing guest reviews" at Defendant's hotels[12] to allege Defendants should have known Plaintiff was being sex trafficked on their premises. (ECF No. 1-1 at 15-16, 17-18, 19.) The reviews refer to commercial sex on the premises, but do not recount any incidents of force, threats of force, or coercion. (*Id.*) While the reviews may indicate "defendant's knowledge of general commercial sex taking place at its property," this does not implicate knowledge or constructive knowledge of sex trafficking. *C.C. v. Rashid*, 2025 WL 1785273, at *8 (citation omitted); *see also Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 727 (11th Cir. 2021) (finding TVPRA beneficiary liability claims failed against a franchisor who "read online reviews mentioning prostitution and crime occurring generally at the hotels"); *Wyndham Hotels & Resorts, Inc.*, No. 23-1493 (ZNQ) (RLS), 2023 WL 8890229, at *4-5 (D.N.J. Dec. 26, 2023) (finding plaintiff's citations to TripAdvisor reviews "opining that prostitution was taking place onsite" was insufficient to plead that hotel franchisor defendants "had either actual or constructive knowledge of plaintiff's particular trafficking").

Plaintiff argues that Defendants should have known Harvey was her pimp and that Defendants therefore should have known her commercial sex acts on the premises would be under force, threat of force, fraud, or coercion. (ECF No. 1-1 at 5-10, 14-15.) Plaintiff

---

defendants "should have known" of plaintiff's trafficking because there were no allegations that hotel employees witnessed any of those episodes).

[12]The Complaint cites public reviews at Eldorado, Silver Legacy, and Travelodge.

6

alleges that Defendant's casinos[13] used "sophisticated facial recognition software" that "would have" flagged Plaintiff and Harvey as "suspiciously frequent visitors" who arrived together and left separately. (*Id.* at 15, 19-20.) She generally alleges that her "modus operandi" at the casino hotels owned by these Defendants[14] included Harvey coming to her hotel room to collect money shortly after a client departed and that both she and Harvey walked by security cameras during these exchanges. (ECF No. 1-1 at 14.) But Plaintiff "does not however, allege how hotel staff could infer from such conduct that plaintiff was the victim of sex trafficking." *B.J. v. G6 Hosp., LLC*, No. 22-CV-03765-MMC, 2023 WL 6120682, at *5 (N.D. Cal. Sept. 18, 2023) (finding allegations that hotel staff saw and remarked on plaintiff's trafficker watching her vigilantly on hotel premises did not amount to negligence sufficient for TVPRA beneficiary liability). In *Tyla D. v. MGM Resorts International*, Chief Judge Gordon concluded that a plaintiff, represented by the same counsel as Plaintiff here, could not demonstrate the defendant casino hotels should have known about her sex trafficking where the casinos "used facial recognition to 'flag' [plaintiff] 'as a suspiciously frequent visitor'" and employees knew the plaintiff engaged in commercial sex work on the premises with a pimp. 2024 WL 4839744, at *1, *4;[15] *see also Catelyn H. v. G6 Hosp., LLC*, No. 2:24-CV-939 JCM (DJA), 2025 WL 929032, at *1 (D. Nev. Mar. 26, 2025), *appeal dismissed sub nom. Catelyn H. v. Boyd Gaming Corp.*,

---

[13]Plaintiff specifically refers to the casinos owned by Defendants CEJV and JESR. The Court will address JESR below. (ECF No. 1-1 at 19.) Plaintiff does not allege here that Travelodge (owned and operated by Brar Enterprises through a franchise agreement with THI) had similar software.

[14]Plaintiff alleges her "modus operandi" was substantially the same at all hotels "except for Eldorado and the Sands." (ECF No. 1-1 at 14.) The Sands was owned and operated Defendant JESR, whose motion to dismiss the Court addresses below. Eldorado is owned and operated by CEJV, but because CEJV also owns and operates Circus Circus and Silver Legacy, the Court does not find this omission prevents considering these factual allegations in resolving CEJV's motion to dismiss.

[15]The Court notes that Defendants CEJV and CCC identify the "strikingly similar" factual allegations between this case and *Tyla D*. (ECF Nos. 22 at 10, 26 at 14 (citing 2024 WL 4839744).) Despite this, Plaintiff makes no effort in her briefing to distinguish the facts here and instead merely emphasizes that the *Tyla D*. Court granted leave to amend. (ECF No. 51 at 27 (citing 2024 WL 4839744, at *2).) Plaintiff's counsel did not file an amended Complaint in *Tyla D* and the case was dismissed. *See* No. 2:24-cv-00698-APG-BNW (ECF No. 63.)

No. 25-2427, 2025 WL 1931952 (9th Cir. May 23, 2025) (dismissing TVPRA beneficiary liability for failure to plausibly allege casino defendants should have known of plaintiff's trafficking where defendants had "sophisticated surveillance" and knew plaintiff engaged in commercial sex work with a pimp). The Court agrees that these same factual allegations are not sufficient here to plead Defendants negligently failed to recognize Plaintiff's trafficking.

Plaintiff appeals to general industry knowledge about sex trafficking in hotel casinos. (ECF No. 1-1 at 10-11 (discussing "The Underbelly of Reno's Casino Industry").) But the Ninth Circuit has held that general knowledge of trafficking issues within an entire industry "sheds little light on whether [] abuses were occurring" in the relevant instance. *Ratha*, 35 F.4th at 1178; *see also Id.* at 1777 ("Sweeping generalities about . . . [the] industry are too attenuated to support an inference that [defendant] knew or should have known of the specifically alleged TVPRA violations at [a specific] factory between 2010 and 2012.").

Overall, the Court finds Plaintiff does not sufficiently allege a claim of beneficiary liability under the TVPRA against Defendants CEJV, CCC, Brar Enterprises, or THI because she fails to include facts that support an inference that these Defendants should have known about her trafficking at their casinos. Plaintiff also alleges perpetrator liability under the TVPRA against these four Defendants. But because perpetrator liability requires an even higher knowledge requirement of "reckless disregard," the Court concludes Plaintiff does not plausibly allege perpetrator liability against CEJV, CCC, Brar Enterprises, or THI.

In her Omnibus Response, Plaintiff requests leave to amend her Complaint to address any deficiencies. (ECF No. 51 at 26.) Plaintiff argues leave to amend is appropriate as she originally filed in Nevada state court and Defendants removed to federal court "with its more stringent pleading standards" (*Id.* at 26-27.) The Court is not persuaded by this reasoning. Plaintiff's counsel has previously filed multiple similar TVPRA claims in the District of Nevada. See *Catelyn H.*, 2025 WL 929032; *Tyla D.*, 2024

8

WL 4839744. Therefore, her counsel is familiar with the statutory requirement to file TVPRA civil suits in federal court. *See* 18 U.S.C. § 1595(a). The Court agrees with Plaintiff that leave to amend generally should be granted liberally. (ECF No. 51 at 27 (citing Fed. R. Civ. P. 15).) But the "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998). Plaintiff outlines her proposed amendments, but none of the proffered allegations would cure the core defect here: at minimum, constructive knowledge of Plaintiff's trafficking. Plaintiff offers to include "[s]pecific experiences at each defendant casino and hotel." (ECF No. 51 at 27.) While more detailed allegations about what occurred at each hotel would benefit Plaintiff's Complaint, she does not suggest that these experiences would deviate from her broad allegations in the Complaint which do not establish constructive knowledge. Moreover, Plaintiff's intention to include defendant's trainings and "policies tolerating sex work" still would not demonstrate constructive knowledge of sex *trafficking* of Plaintiff. (*Id.*) Similarly, "[c]larificaiton of the *business rationale* for each defendant's tolerance of sex trafficking on its premises" still would not plausibly allege constructive knowledge of Plaintiff's trafficking. (*Id.*) (emphasis added)

In sum, the Court finds Plaintiff fails to plausibly allege that Defendants CEJV, CCC, THI, and Brar Enterprises knew or should have known of Plaintiff's trafficking on their premises. Because this is an essential element of beneficiary liability under the TVPRA, Plaintiff's claim fails. And because perpetrator liability under the TVPRA imposes an even higher knowledge requirement of reckless disregard, Plaintiff's perpetrator liability claim also fails. The Court also rejects Plaintiff's argument for leave to amend and will dismiss her TVPRA claims against Defendants CEJV, CCC, THI, and Brar Enterprises with prejudice and without leave to amend.

///

///

9

### B.    JESR

Plaintiff argues JESR is liable under the TVPRA as a perpetrator for "patronizing" or "soliciting" Plaintiff.[16] (ECF No. 51 at 14.) Plaintiff concedes her beneficiary liability claim against JESR as pled and requests leave to amend her theory. (*Id.* at 19 n.5.) The Court addresses JESR's argument for dismissing perpetrator liability and then Plaintiff's request for leave to amend the beneficiary liability claim.

The TVPRA imposes perpetrator liability against anyone who "knowingly . . . patronizes, or solicits by any means a person… knowing, or … in reckless disregard of the fact" that "means of force, threats of force, fraud [and/or] coercion. . . will be used to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a). A plaintiff therefore must allege that a perpetrator both knowingly and affirmatively acted (*actus reus*) with the requisite mental state (*mens rea*).

The Court finds Plaintiff properly alleges the *actus reus* element of perpetrator liability in the Complaint. JESR does not directly dispute the "alleged deplorable conduct" of its former casino manager Steve engaging in commercial sex acts with Plaintiff. (ECF No. 28 at 15.) Instead, JESR argues Plaintiff fails to sufficiently plead vicarious liability against JESR for the conduct of its employee. (*Id.*) The Court disagrees. "[A]t this stage," Plaintiff need only "plausibly allege that the casinos *or their employees* were perpetrators under the TVPRA." *C.C. v. Rashid*, 2025 WL 1785273, at *11 (quoting *Tyla D.*, 2024 WL 4839744, at *4).

Moreover, the Court disagrees with JESR that the Complaint does not sufficiently allege *respondeat superior* liability at this stage. (ECF Nos. 28 at 15, 57 at 3-7.) An employer may be vicariously liable for the actions of their employees "if its employee's acts were committed within the course and scope of [his] employment." *Oki*

[16]Notably Plaintiff does not clearly plead this path to perpetrator liability in the Complaint but only provides this clarification in the Omnibus Response. The Court agrees with JESR that Plaintiff fails to identify within the Complaint which *actus reus* she alleges JESR committed in support of her claim of perpetrator liability. (ECF No. 28 at 5.) This further supports the Court's conclusion that Plaintiff does not sufficiently plead perpetrator liability against JESR but that this deficiency may becurable.

*Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775–76 (9th Cir. 2002). An action is within the "course and scope of [his] employment" if "(1) the conduct occurred substantially within the time and space limits authorized by the employment; (2) the employee was motivated, at least in part, by a purpose to serve the employer; and (3) the act was of a kind that the employee was hired to perform." *Id.* at 776. Plaintiff alleges Steve engaged in commercial sex with her in the stairwell of the Sands, which is plainly within the space limits authorized by the employment. (ECF No. 1-1 at 16.) Plaintiff alleges Steve was motivated, "at least in part," to maintain the commercialized sex industry at the Sands which "is integral to the business strategies of Reno's casinos" (*Id.* at 17.) Finally, the factual allegations in the Complaint sufficiently support an inference that as casino manager, he was hired to perform acts that support the casino's business strategies.

But the Court ultimately finds Plaintiff fails to sufficiently allege JESR's employee acted "knowing, or… in reckless disregard" of Plaintiff's trafficking, although it is a close call. JESR quotes *U.S. v. Todd* to argue this *mens rea* requirement can only be met by alleging JESR knew "of an established modus operandi that will in the future cause [Plaintiff] to engage in prostitution" (ECF No. 28 at 8-9 (quoting 627 F.3d 329, 334 (9th Cir. 2010).) But there the Ninth Circuit was evaluating actual knowledge of future conduct, not the alternative reckless disregard mental state the statute contemplates. *See* 627 F.3d at 334.

While the Court rejects JESR's construction of this element, it finds the factual allegations in the Complaint do not meet the reckless disregard standard. Plaintiff alleges that, unlike Defendants CEJV, CCC, THI, and Brar Enterprises, JESR's employee subjectively knew that Harvey was Plaintiff's pimp. (ECF No. 1-1 at 16.) Plaintiff also alleges that Steve "didn't want to deal with Harvey because he was afraid of him." (*Id.*) But the Court finds this allegation of Steve's fear of Harvey does not demonstrate awareness and disregard of a substantial risk that Harvey would apply force, threats of force, fraud, or coercion against Plaintiff. *See Rodriguez*, 880 F.3d at 1162 (quoting *Farmer*, 511 at 837 (1994)); 18 U.S.C. 1591(a). The JESR employee's personal fear of

11

Harvey, without more, does not indicate that he was aware of a substantial likelihood that the relationship between Harvey and Plaintiff was one of coercion rather than, for example, collaboration or cooperation. Moreover, the Court is not persuaded by Plaintiff's conclusory statements that "Defendants knew there was a better-than-even chance that [Plaintiff's] actions were driven by coercion." (ECF No. 51 at 18.) Similarly, Plaintiff's citations to statistics about the commercial sex industry broadly does not impute sufficient knowledge. (*Id.*); *see Ratha*, 35 F.4th at 1177-78.

In her Omnibus Response, Plaintiff requests leave to amend her Complaint to address any deficiencies. (ECF No. 51 at 26.) Plaintiff states she intends to include factual allegations of "[s]pecific interactions" between Steve and Plaintiff's trafficker. (*Id.* at 27.) Plaintiff may cure her claim if she can allege interactions where JESR's employee became aware of a substantially high risk that Plaintiff was being trafficked by Harvey and disregarded that risk. Therefore, the Court grants Plaintiff leave to amend her TVPRA perpetrator liability claim against JESR. Plaintiff also requests leave to amend her beneficiary liability claim against JESR. (*Id.* at 19 n.5.) Plaintiff voluntarily dismissed her beneficiary liability claim against JESR under a theory of financial benefit. (*Id.*) Instead, she seeks to bring an amended claim alleging JESR received some other "thing of value" from participation in the business venture with Plaintiff's trafficker. (*Id.*); *see* 18 U.S.C. § 1591(a)(2) (defining beneficiary liability as someone who "benefits, financially *or by receiving anything of value*, from participation in a venture") (emphasis added). Plaintiff cites to *United States v. Cook* for the conclusion that "sexual gratification" qualifies as a thing of value for the purposes of TVPRA beneficiary liability. *See* 782 F.3d 983, 989 (8th Cir. 2015). But Steve's personal sexual gratification from his alleged participation in Plaintiff's trafficking does not benefit his employer, JESR. Therefore, the Court does not grant Plaintiff leave to amend her Complaint as to her beneficiary liability claim against JESR.

///

///

12

### C.    Dhillon

Plaintiff argues Dhillon is liable under the TVPRA as a perpetrator for "patronizing" or "soliciting" Plaintiff. (ECF No. 51 at 14.) Plaintiff concedes her beneficiary liability claim against Dhillon as pled and instead requests leaves to amend her theory. (*Id.* at 19 n.5.) Dhillon moves to dismiss for failure to state a claim. (ECF No. 31.) Dhillon also insinuates Plaintiff's claims against him may be time barred. (*Id.* at 2 n.4.) The Court addresses these arguments in turn.

Plaintiff's claims against Dhillon mirror her claims against JESR, although she seeks direct rather than vicarious liability against Dhillon. The Court reaches the same conclusion. Plaintiff's allegations clearly demonstrate Dhillon solicited or patronized her services but her claim that Dhillon "knew about Harvey and did not want to interact with him at all", without more, does not sufficiently allege that Dhillon recklessly disregarded that Plaintiff would be coerced into commercial sex acts. (ECF No. 1-1 at 18). Therefore, the Court dismisses Plaintiff's claim of TVPRA perpetrator liability against Dhillon. Just as with JESR, the Court grants Plaintiff leave to amend this claim in order to allege "specific interactions" that cure this defect. (ECF No. 51 at 27.) Unlike JESR, the Court will grant Plaintiff leave to amend her claim against Dhillon for TVPRA beneficiary liability, as she may allege Dhillon received sexual gratification as a benefit. (*Id.* at 19 n.5 (citing *United States v. Cook*, 782 F.3d at 989).)

Dhillon suggests Plaintiff's claims against him "may be time barred under the TVPRA" (ECF No. 31 at 2 n.4.) TVPRA claims are subject to a ten-year limitations period. *See* 18 U.S.C. 1595(c). The Complaint was filed on April 25, 2025 and alleges Plaintiff's interactions with Dhillon occurred "[i]n 2015." (ECF No. 1-1 at 23, 18.)[17] As Dhillon's own language acknowledges, it is not "apparent on the face of the complaint" that the statute of limitations has run and therefore, dismissal at this stage on that basis is not appropriate.

---

[17]In her Omnibus Response, Plaintiff argues the continuing violation doctrine, discovery rule, and/or equitable tolling applies to her claims, to the extent the Court finds them untimely. (ECF No. 51 at 21-26.) As the Court dismisses the claims on alternate grounds and does not find ruling on the statute of limitations appropriate at this stage, the Court does not address these arguments here.

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). In a footnote, Dhillon requests Plaintiff provide a more definite statement regarding the date and circumstances of her allegations in order to determine if her claims are time barred (ECF No. 31 at 2 n.4 (citing Fed. R. Civ. P. 12(e)).) This request does not comply with the Court's Local Rules, which require that a "separate document []be filed" for "each type of relief requested." LR IC 2-2(b). Moreover, this request is rendered moot by the Court's dismissal of Plaintiff's claims with leave to amend. While the Court therefore denies this request as moot, it does so without prejudice. Dhillon therefore may seek this relief if Plaintiff files an amended complaint which fails to clarify this potential statute of limitations issue.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions before the Court.

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 22, 26, 28, 31, 53) are granted. Dismissal is with prejudice as to Defendants CEJV, CCC, THI, and Brar Enterprises. Dismissal is with leave to amend against JESR and Dhillon. The Court grants Plaintiff leave to amend her TVPRA perpetrator liability claim against JESR. The Court also grants Plaintiff leave to amend her TVPRA perpetrator and beneficiary liability claims against Dhillon.

///

///

///

///

///

///

///

14

It is further ordered that, if Plaintiff chooses to file a first amended complaint against JESR and Dhillon curing the deficiencies of the Complaint, as outlined in this Order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. Failure to timely file an amended complaint will result in dismissal of claims against JESR and Dhillon with prejudice.

DATED THIS 5th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

15