MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
**THE702FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:     (702) 776-3333
Facsimile:     (702) 505-9787
*E-Mail:*        *service@the702firm.com*

GEOFFREY C. PARKER, ESQ.
Nevada Bar No. 16952
JONATHAN L. HILTON, ESQ.
Nevada Bar No. 16889
**HILTON PARKER LLC**
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068
Telephone:     (614) 992-2277
Facsimile:     (614) 927-5980
*E-Mail:*        *gparker@hiltonparker.com*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALICE J., pseudonymously,<br><br>          Plaintiff,<br>vs.<br><br>J RESORTS, LLC f/k/a JESR, LLC,<br><br>          Defendant. | Case No.: 3:25-cv-00246-MMD-CSD<br><br>Judge Miranda M. Du<br>Mag. Judge Craig S. Denney<br><br>ORDER GRANTING<br>**PLAINTIFF'S UNOPPOSED**<br>**MOTION FOR LEAVE**<br>**TO PROCEED**<br>**UNDER A PSEUDONYM** |

COMES NOW Plaintiff Alice J., by and through her counsel of record, and respectfully moves this Court to allow Plaintiff to proceed under the pseudonym "Alice J." for pretrial proceedings due to the sensitive nature of the allegations in this case and her status as a sex trafficking survivor. In support of the instant Motion, Plaintiff states as follows:

## I.    INTRODUCTION

This case involves claims brought by Plaintiff Alice J., a victim of sex trafficking, against Defendants J Resorts, LLC, f/k/a JESR, LLC, who owned and operated the Sands Regency Casino Hotel where Plaintiff was trafficked. Plaintiff alleges that she has suffered physical and sexual

violence, commercial sexual exploitation, and trauma from being trafficked on Defendant's property.

Given the highly sensitive and deeply personal nature of these allegations, Plaintiff seeks leave to proceed under the pseudonym "Alice J." to avoid further trauma and stigma associated with being publicly named as a victim of sex trafficking and the possibility of retaliation by her trafficker. For these reasons, leave to proceed under a pseudonym is widely granted for sex trafficking victims.

Allowing Plaintiff to proceed under a pseudonym will not prejudice Defendant. Plaintiff is ready to disclose her true identity to Defendant upon entry of Protective Order governing the use and protection of that information in this litigation. Furthermore, the public's interest in Plaintiff's identity is minimal, as disclosure would not meaningfully advance the public's understanding of the legal issues in this case. Good cause exists in allowing Plaintiff to proceed under a pseudonym.

Plaintiff's counsel has met and conferred with counsel for the Defendant J Resorts, LLC f/k/a JESR, LLC. Defendant does not oppose the relief sought herein. There is no accompanying proposed order because it will be more efficient to incorporate specific protections for Plaintiff's identity in a stipulated protective order covering the treatment of all confidential information after the stay in discovery has been lifted.

II.    BACKGROUND

Plaintiff filed her First Amended Complaint under the pseudonym "Alice J." on April 6, 2026, alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. (First Amended Complaint, Doc. 62.) She now seeks leave to continue using this pseudonym in all public pretrial proceedings.

Plaintiff Alice J. is a victim of sex trafficking within the meaning of the TVPRA. *See, e.g.,* (Doc. 62.) Alice was trafficked for several years by an abusive pimp who routinely abused her, confiscated all her earnings, and used drugs to coerce her into commercial sex acts. (*Id*. at ¶¶ 72, 78, 95–101.)  On several occasions, Plaintiff was trafficked at the Sands Regency Casino Hotel, owned and operated by Defendant, including four commercial sex transactions with a Sands employee who knew Alice was being abused and coerced by her trafficker. (*Id*. at ¶¶ 95, 104–107,

2

117–128.)

At this time, Alice has not received justice for her trafficking and all those responsible have not been held accountable. She still suffers from the trauma of being trafficked for several years in Reno, including at the Sands Regency Casino Hotel. (*Id*. at ¶103.) Leave to proceed under pseudonym will allow her to pursue her legal rights without being publicly associated with such a traumatic period of her life and without fear of retaliation from her trafficker or his associates.

## III.    STANDARD OF REVIEW

A complaint must state the names of all parties. Fed. R. Civ. P. 10(a).  However, parties may use pseudonyms in special circumstances where nondisclosure of their identity is necessary to protect them "from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation omitted).

District courts have broad discretion in determining whether a party may proceed anonymously. *Id*. at 1068–69*; Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1045–46 (9th Cir. 2010). In exercising that discretion, courts balance the need for anonymity against both the prejudice to the opposing party and the public interest in knowing the party's identity. *Advanced Textile*, 214 F.3d at 1068.

The Ninth Circuit has identified three general circumstances when it may be appropriate for a party to proceed under a pseudonym: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. at 1068.

In deciding whether to grant leave to proceed under a pseudonym, courts considers: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) the public interest." *Kamehameha Schs*., 596 F.3d 1036, 1042.

## IV.    LAW AND ARGUMENT

Plaintiff has alleged that she is a victim of sex trafficking induced by force, fraud, and coercion by her trafficker to have sex with johns and a casino manager at Defendant's subject

3

casino hotel. As a result of Defendant's alleged actions, Plaintiff was trafficked and sold for commercial sex to several johns and an employee at the Sands Regency Casino Hotel on multiple occasions. Plaintiff still suffers as a result of the trauma and sexual violence she endured.

Courts regularly allow sex trafficking and sexual assault survivors to proceed anonymously because such cases involve "highly sensitive and personal" allegations. *See, e.g.*, *P.C. v. D Fort Hotel, LLC.*, Civil No. 24-cv-1584-PAB-TPO, 2025 U.S. Dist. LEXIS 20835, *10 (D. Colo. Feb. 5, 2025) (finding that Plaintiff's status as a victim of trafficking and sexual assault constitutes an exceptional case of a highly sensitive and personal nature); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014).

Having been coerced into selling one's body is something most survivors reasonably want to keep private. Cases involving sex trafficking "inherently involve intimate matters," and public disclosure subjects victims to the "very real stigma associated with sex trafficking" and the "threat of retaliation" by traffickers or their associates. *Doe v. Wyndham Hotels & Resorts*, No. 1:24-CV 285-RP, 2025 U.S. Dist. LEXIS 34711, at *6 (W.D. Tex. Feb. 25, 2025). Moreover, courts have held that social stigma alone may justify proceeding anonymously. *Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020).

As a survivor of sex trafficking, Plaintiff's need for anonymity is compelling. She faces ongoing vulnerability, has a reasonable fear of stigma, and significant harm to employment and social prospects if her identity is publicly disclosed. Plaintiff's trafficker was physically abusive, threatened her and her family, and had a violent reputation—creating a real risk of retaliation and physical harm (Doc. 62 ¶¶ 91, 96–99.) Thus, the severity of the threatened harm—deep societal stigma and fear of physical harm through retaliation—is severe. These are reasonable fears, given what victims of sex trafficking endure.

By contrast, Defendants will suffer no prejudice from Plaintiff's use of a pseudonym in public filings. *S.Y. v. Choice Hotels Int'l*, No. 2:20-cv-118-JES-MRM, 2021 U.S. Dist. LEXIS 174121, at *21 (M.D. Fla. Sept. 14, 2021) (finding little risk of prejudice to defendants from allowing the use of initials only). Any potential prejudice can be cured by requiring Plaintiff to disclose her identity with appropriate safeguards, such as a protective order, in place. *I.B. v.*

4

*Ganjawala & Kholwad, LLC*, Civ. No. 25-37 GBW/SCY, 2025 U.S. Dist. LEXIS 72636 (D.N.M., Jan 13, 2025), at *3–4.

Permitting Plaintiff to proceed under a pseudonym will not impair Defendant's ability to litigate this matter. Plaintiff does not seek to withhold her identity from Defendants. The parties will address the use and dissemination of Plaintiff's true identity and identifying information, as well as the treatment of other confidential information through a stipulated protective order.

Moreover, the public has no significant interest in the disclosure of a trafficking victim's identity. *I.B.*, 2025 U.S. Dist. LEXIS 72636, at *3. Thus, the harm to Plaintiff of having to disclosure her identity outweighs any public interest in disclosure. *Doe v. Sheraton, LLC*, No. 1:23-cv-00451-SCY-JMR, 2023 U.S. Dist. LEXIS 116435, at *3–4 (D.N.M. July 3, 2023). Finally, the public interest favors allowing trafficking survivors to proceed under pseudonym, as anonymity encourages victims to come forward while disclosure deters them from reporting sexual crimes. *See Doe v. Penzato*, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

## V.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant her motion for leave to proceed under the pseudonym "Alice J." for pretrial proceedings.

DATED this 8th day of April, 2026.                    Respectfully submitted,

**HILTON PARKER LLC**
**/S/ GEOFFREY C. PARKER**

GEOFFREY C. PARKER, ESQ.
Nevada Bar No. 16952
JONATHAN L. HILTON
Nevada Bar No. 16889
HILTON PARKER LLC
7658 Slate Ridge Blvd.,
Reynoldsburg, OH 43068

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
8335 West Flamingo Road
Las Vegas, Nevada  89147

*Attorneys for Plaintiff Alice J.*

ORDER

Plaintiff's Unopposed Motion for Leave to Proceed Under a Pseudonym is GRANTED.

DATED:  April 9, 2026.

_____
Craig S. Denney
United States Magistrate Judge

6